# United States Court of Appeals
## For the First Circuit

No. 18-1768

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD GERARDO CORTÉS-MALDONADO,
a/k/a Richard Cortés-Maldonado,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

Mariángela Tirado-Vales on brief for appellant.
Julia M. Meconiates, Assistant United States Attorney,
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

September 25, 2019

**LYNCH**, **Circuit Judge**.  Richard Gerardo Cortés-Maldonado ("Cortés") pled guilty to being a felon in possession of firearms and ammunition.  The sentencing calculations and recommendations in his plea agreement were not binding on the district court, which so advised Cortés at his change of plea hearing.  He now argues that the district court should have warned him that he might face certain guideline enhancements and that it failed to properly calculate his criminal history category.  Finding no error, we affirm.

I.

On March 16, 2017, while executing an arrest warrant, Puerto Rico Police Department officers found three guns and three magazines in Cortés's house.  Cortés was arrested and, after waiving his Miranda rights, admitted that the weapons were his, that he used them to protect the location where he sold drugs, that he had a prior felony conviction, and that there were outstanding warrants for his arrest.

Cortés pled guilty to being a felon in possession of firearms and ammunition.  His plea agreement, negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(B), contained an agreed-on recommended guideline calculation that began with a base offense level of 22, added two levels because the offense involved three firearms, and subtracted three levels for acceptance of responsibility, for a total offense level of 21.  The parties did not stipulate to a

criminal history category but agreed to recommend a guideline sentence based on the total offense level and Cortés's criminal history category as determined by the district court.

At his change of plea hearing, Cortés told the district court he discussed the plea agreement with his attorney and understood it completely. The court told Cortés that it was not bound by the sentencing recommendations in the plea agreement and could impose a sentence above or below the guideline range, which Cortés acknowledged.

The final presentence report ("PSR") added another two-level enhancement to Cortés's offense level because one of the firearms was stolen, for a total offense level of 23. The PSR stated that Cortés had previously been convicted of theft, property damage, and drug offenses in Puerto Rican courts, for which he had been sentenced to five years' imprisonment. That Puerto Rican sentence had been immediately suspended. Nonetheless, Cortés then became a fugitive, causing the revocation in absentia of the suspension and the imposition of the full five-year term. Based on those offenses, the PSR stated Cortés's criminal history score to be five--three points for the five-year sentence, U.S.S.G. §§ 4A1.1(a), 4A1.2(k)(1), and two points because the federal offense was committed while Cortés was a fugitive, id. § 4A1.1(d)-- resulting in a criminal history category III designation. On

these bases, the PSR calculated a guideline sentence of 57 to 71 months.

Cortés objected to this calculation, arguing that his previous conviction warranted only one criminal history point because of its earlier suspension. He did not dispute that suspension had been revoked and the full five-year term ordered. He also argued that the enhancement in the final PSR for the stolen firearm resulted in "inherent unfairness," noting that the plea agreement, reached earlier, did not mention the enhancement and that his defense lacked access to databases of stolen weapons. Based on what he calculated as a total offense level of 21 and a criminal history category of II, Cortés sought a guideline sentence of 41 to 51 months.

At sentencing, the district court calculated the guideline sentence based on the findings in the PSR. Acknowledging Cortés's argument that his criminal history category should be II, the district court then stated that, "regardless of whether [Cortés's] argument is correct and the Criminal History Category is II or the criminal category is III, the Court still finds that a . . . non-guideline sentence is appropriate in this case" because of its facts. The district court then imposed a sentence of 84 months followed by three years of supervised release.

II.

Cortés now advances two challenges to his conviction. He first argues that his guilty plea was unknowing and involuntary because the district court did not inform him of the possibility of a stolen firearm enhancement.  He then argues that the district court incorrectly calculated his criminal history category.

Cortés agrees that, because he did not challenge the integrity of his plea in the district court, our review of his first challenge is for plain error.  United States v. Jones, 778 F.3d 375, 381 (1st Cir. 2015).  With respect to his second challenge, we review the district court's interpretation and application of the sentencing guidelines de novo.  United States v. McCormick, 773 F.3d 357, 359 (1st Cir. 2014).

Cortés shows no error, much less plain error, as to the acceptance of the plea or in the district court's application of the stolen firearm enhancement.  We have already held that the strict-liability application of the guidelines' firearm enhancement does not violate due process, see United States v. Gonzalez, 857 F.3d 46, 56 (1st Cir. 2017), and that a district court need not inform a defendant at a Rule 11 plea hearing of sentencing enhancements that may eventually attach, Jones, 778 F.3d at 383.

Cortés also contends that he was not made aware of the fact that led to the application of the firearm enhancement--

- 5 -

namely that the firearm was stolen--prior to his plea and that he had no access to the database that would have shown that the gun was stolen. Thus, he argues, his plea was unknowing and involuntary. But Cortés cites no precedent to support this assertion, nor are we aware of any. We thus agree with the government that this argument is waived for lack of development. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

The district court's application of the sentencing guidelines was also correct. The measure of the sentence for Cortés's prior conviction is the total five-year sentence imposed after its suspension was revoked. U.S.S.G. § 4A1.2(k)(1). Because five years is longer than one year and one month, the district court rightly counted that conviction as three criminal history points. Id. § 4A1.1(a). It then correctly added two additional points for Cortés's fugitive status at the time of the offense. Id. § 4A1.1(d).

The application of these two points is independent of, and does not violate, the limit of three points for a single offense discussed by § 4A1.2's Application Note 11. The note explains how to count the points of convictions for which an additional sentence was imposed after revocation. The note has no relevance to the two points imposed under § 4A1.1(d) for offenses committed while under a criminal justice sentence, which apply separately. See United States v. Rivera-Berrios, 902 F.3d

20, 26 (1st Cir. 2018) (affirming a finding of five criminal history points where defendant had one prior conviction and committed the instant offense while on probation).

At any rate, any error in the district court's calculation of Cortés's criminal history category is harmless where that court specifically stated it would have imposed the same sentence had Cortés's criminal history category been II or III.  See United States v. Tavares, 705 F.3d 4, 26 (1st Cir. 2013).

Affirmed.